UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| MATTEO SIANO )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>PRESSLER AND PRESSLER, LLP )<br>)<br>Defendant, ) | Civil Action No. |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

MATTEO SIANO, ("Plaintiff"), through the undersigned counsel, Daniel P. Hartstein, alleges the following against PRESSLER AND PRESSLER, LLP, ("Defendant"):

### INTRODUCTION

1.      This is an action for actual and statutory damages brought by plaintiff Matteo Siano an individual consumer, against defendant Pressler and Pressler, LLP, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in

this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, Matteo Siano is a natural person residing in Tinton Falls, New Jersey.

4. Defendant, Pressler and Pressler, LLP is a partnership engaged in the business of collecting debt in this state with its principal place of business located at 7 Entin Rd., Parsippany, New Jersey 07054-9944. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in 2008.

7. Defendant placed excessive and continuous collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed under an account number.

8. Upon information and belief, Defendant obtained a judgment against Plaintiff in 2009, and levying his accounts and received the full amount of the judgment from him between December of 2009 and January of 2010.

9.     Despite having already received the full amount of the judgment from Plaintiff, and receiving proof of this through faxes and a cease and desist letter from Plaintiff, Defendant has continued to contact Plaintiff in a harassing manner through letters and phone calls, threatening him with wage garnishment.

10.    To date, Defendant has not taken definite action to garnish Plaintiff's wages.

11.    During collection calls, agents of Defendant named Matt and Ian have both verbally abused Plaintiff, calling him a, "[D]eadbeat."

12.    During collection calls to both Plaintiff's son and daughter, Defendant has mentioned the name of Defendant and alerted them both to Plaintiff's alleged debt, asking them to have Plaintiff call Defendant; even though neither individual is Plaintiff's co-signor.

13.    Upon information and belief, in September of 2010, Defendant was given knowledge of Plaintiff's work hours and that such calls both inconvenience Plaintiff and are prohibited by Plaintiff's employer.

14.    Upon information and belief, Defendant continued to call Plaintiff at Plaintiff's workplace many times in both October and November of 2010.

15. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in him feeling stressed and ill, and Plaintiff has the medical records to support this.

## CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(b) Defendant violated *§1692e(5)* of the FDCPA by threatening to takeaction that it did not intend to take; and

(c) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692a(3)* by calling Plaintiff's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action; and

4

(f) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and

(g) Defendant violated *§1692c(b)* of the FDCPA by contacting a third parties in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA; and

(h) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

(i) Defendant violated *§1692c(c)* of the FDCPA by continuing to unicate with the Plaintiff after the Plaintiff notified the Defendant in writing that Plaintiff wishes the Defendant to cease further communication with the Plaintiff and the further communication was not allowed under *§1692c(c)* of the FDCPA.

18. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

19. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff Matteo Siano for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against defendant Pressler and Pressler, LLP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff MATTEO SIANO demands trial by jury in this action.

This 15th day of April, 2011.

/s/ Daniel P. Hartstein
Daniel P. Hartstein
LibertyView
457 Haddonfield Rd., Suite 310
Cherry Hill, NJ 08002
(856) 910-8900
danhartstein@verizon.net

Of Counsel to:
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345
(770) 414-1002
alex@fdcpalawyeronline.com